JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Raymond Johnson and Josephine Scott, h/w

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Weiss, Esq., HGSK Law Offices, 92 Buck Road, Holland,
PA 18966; Tel No. 215-354-9100

## DEFENDANTS

Penney OpCo, LLC (incorrectly identified as J.C.Penney Corp, Inc., JCPenney and Old Copper)

County of Residence of First Listed Defendant   Plano, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jennifer G. Shorr, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, 2000 Market Street, 13th Floor, Philadelphia, PA 19103; Tel. No. 215-825-2649   SEE ATTACHMENT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|                                         | PTF | DEF |                                                              | PTF | DEF |
|-----------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                   | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State    | ☐ 4 | ☐ 4 |
| Citizen of Another State                | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | **PERSONAL INJURY** | | | ☐ 895 Freedom of Information Act |
| | ☐ 365 Personal Injury - Product Liability | | | |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | |
| | ☐ 368 Asbestos Personal Injury Product Liability | | | |
| | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | | |
| ☐ 240 Torts to Land | | | | |
| ☐ 245 Tort Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | |
| | ☐ 441 Voting | ☐ 463 Alien Detainee | | |
| | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 1441 & 1446

Brief description of cause:
personal injury - premises liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
September 14, 2022

SIGNATURE OF ATTORNEY OF RECORD
*Jennifer Shorr*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND JOHNSON and JOSEPHINE SCOTT, h/w | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. |
| | : | |
| J. C. PENNEY CORPORATION, INC., OLD | : | |
| COPPER COMPANY, INC., PENNEY OPCO | : | |
| LLC d/b/a JCPENNEY, SIMON PROPERTY | : | |
| GROUP, INC. AND BROOKFIELD ASSET | : | |
| MANAGEMENT, INC. | : | |
| Defendants | : | |

## ADDITIONAL DEFENDANTS AND ATTORNEYS

J. C. Penney Corporation, Inc.
Old Copper Company, Inc.
Simon Property Group, Inc.
Brookfield Asset Management, Inc.

Michael Bogdanoff, Esquire
Gekoski & Bogdanoff
215 S. Broad St.
Suite 500
Philadelphia, PA 19107
*Attorney for Simon Property Group, Inc.*

Brookfield Asset Management, Inc.
Brookfield Place
250 Vessey Street
15th Floor
New York NY 10281
*(Unrepresented)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| RAYMOND JOHNSON and JOSEPHINE SCOTT, h/w :<br>Plaintiffs :<br> :<br>v. :<br> :<br>J. C. PENNEY CORPORATION, INC., OLD :<br>COPPER COMPANY, INC., PENNEY OPCO :<br>LLC d/b/a JCPENNEY, SIMON PROPERTY :<br>GROUP, INC. AND BROOKFIELD ASSET :<br>MANAGEMENT, INC. :<br>Defendants : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reserve side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b)   Social Security - Cases requesting review of a decision of the Secretary
of Health and Human Services denying plaintiff Social Security Benefits          ( )

(c)   Arbitration - Cases required to be designated for arbitration under Local Civil
Rule 53.2.          ( X )

(d)   Asbestos - Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e)   Special Management - Cases that do not fall into tracks (a) through (d) that
are commonly referred to as complex and that need special or intense
management by the court. (See reverse side of this form for a detailed
explanation of special management cases.)          ( )

(f)   Standard Management - Cases that do not fall into any one of the other tracks          ( )

| | | |
|---|---|---|
| September 14, 2022 | *Jennifer Shorr* | Penney OpCo, LLC |
| Date | Attorney-at-Law | Attorney for Defendant |
| | | |
| (215) 825-2649 | (215) 564-7699 | jshorr@wglaw.com |
| Telephone | Fax Number | E-Mail Address |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  3117 Independence Court, Bensalem, PA  19020

Address of Defendant:  6501 Legacy Drive, Plano, TX  75024

Place of Accident, Incident or Transaction:  2300 E. Lincoln Highway, Langhorne, PA  19047

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 13, 2022   *Jennifer G. Shorr*   74373
   Must sign here
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.    Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* Premises Liability
- ☐ 7. Products Liability
- ☐ 8. Products Liability -- Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
   Sign here if applicable
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND JOHNSON and :
JOSEPHINE SCOTT, h/w :
  :
Plaintiffs :
  :
v. : NO.
  :
J. C. PENNEY CORPORATION, INC., OLD :
COPPER COMPANY, INC., PENNEY OPCO :
LLC d/b/a JCPENNEY, SIMON PROPERTY :
GROUP, INC. AND BROOKFIELD ASSET :
MANAGEMENT, INC. :
  :
Defendants :

### NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Penney OpCo, LLC (incorrectly identified as J.C. Penney Corporation, Inc.; JCPenney and Old Copper Company, Inc.), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1441, *et seq.,* hereby files this Notice of Removal of Civil Action, removing the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is pending, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Defendant avers as follows:

1.      This lawsuit arises out of an incident which allegedly occurred on August 23, 2020, at the J.C. Penney Store located at the Oxford Valley Mall located in Langhorne, Bucks County, Pennsylvania. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2.      Plaintiff, Raymond Johnson, alleges sustaining severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body, as a result of falling on a dangerous and defective condition of the premises, namely a slippery

substance on the ground, believed to be vomit, he was caused to sustain injuries and/or aggravate pre-existing injuries, including but not limited to, back, lumbar disc protrusions/herniations, lumbar radiculopathy, left ankle, leg numbness and a severe shock to the nerves and nervous systems and are permanent in nature. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

3.      On August 3, 2022, Plaintiffs initiated the instant action by filing a Complaint in the Court of Common Pleas of Philadelphia County, docketed at Case Number 2208000469 ("State Court Action"). A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

4.      The present lawsuit is removable from State Court to this Court pursuant to 28 U.S.C. § 1441(a), because the Complaint attempts to set forth causes of action against Defendant that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. § 1332.

5.      There is complete diversity of citizenship in the instant action, because, pursuant to Plaintiffs' Complaint, Plaintiffs are adult individuals and residents of the Commonwealth of Pennsylvania, residing at 3117 Independence Court, Bensalem, Pennsylvania. *See* Ex. "A" at Paragraph 1.

6.      Penney OpCo, LLC is now, and was at the time that Plaintiffs commenced this action, a corporation organized under the laws of Texas, and therefore, is a citizen of Texas for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

7.      Simon Property Group, Inc. is incorporated in Delaware and, therefore, is a citizen of Delaware.

8.     Based upon allegations in Plaintiff's complaint, Brookfield Asset Management is incorporated in New York and, therefore a citizen of New York.

9.     Thus, as Plaintiffs are citizens of Pennsylvania and Defendants are citizens of Texas, Delaware and New York respectively. Accordingly, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c)(1).

10.     After sending Plaintiff's counsel an email whether he would agree to cap damages below the federal jurisdictional limits, Plaintiff's counsel indicated he could not.  See Exhibit "B."

11.     Therefore, the amount in controversy meets federal jurisdictional limits.

12.     Thus, this matter is removable pursuant to 28 U.S.C. § 1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

13.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed.

14.     This Court is the Federal Court embracing the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441I(a).

15.     Because this action satisfies the requirement of 28 U.S.C. §§ 1331, this Court has original and supplemental jurisdiction over all claims alleged in the Complaint, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

16.     Because there is complete diversity of citizenship and the amount in controversy is in excess of $75,000, this case is properly removed to this Court.

17.     Pursuant to 28 U.S.C. §1446(a), Defendant has attached hereto all process, pleadings, and orders that have been filed, served, or received in this action.

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice shall be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania and shall be served upon Plaintiffs.

19.     By filing of this Notice of Removal, Defendant does not waive, and hereby reserves, any right to assert objections and defenses relating to service of process and venue.

WHEREFORE, the above-captioned action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, is hereby removed to this Court.

Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP


By:_____
          Jennifer G. Shorr, Esquire (PA ID: 74373)
          2000 Market Street, 13th Floor
          Philadelphia, PA  19103
          (215) 825-2649
          jshorr@wglaw.com
          Attorneys for Defendants,
          Penney OpCo, LLC

Dated:  September 14, 2022

# EXHIBIT

# "A"

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/12/2022
CT Log Number 542104334

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Velma Ballot<br>COPPER Sub Corporation, Inc.<br>2401 S STEMMONS FWY STE 4000<br>LEWISVILLE, TX 75067-8797 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Penney OpCo LLC  (Domestic State: VA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RAYMOND JOHNSON & JOSEPHINE SCOTT, w/h // To: Penney OpCo LLC |
| **CASE #:** | 220800469 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/12/2022 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/12/2022, Expected Purge Date: 08/17/2022<br><br>Image SOP<br><br>Email Notification,  Velma Ballot  vballot@jcp.com<br><br>Email Notification,  Legal Department  legaldocs-sm@jcp.com<br><br>Email Notification,  SUZANNE SMART  sbsmart@jcp.com<br><br>Email Notification,  Catherine Kays  ckays@jcp.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**HGSK**

HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.

Terry D. Goldberg, Esquire
92 Buck Road
Holland, PA 18966



7019 0700 0000 7524 3395



UNITED STATES POSTAGE

PITNEY BOWES

02 1P                          $ 008.30°
0002723487    AUG 08  2022
MAILED FROM ZIP CODE 18966

Penney OPCO LLC d/b/a JCPenney
1209 N Orange Street
Wilmington, DE 19801



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

92 Buck Road
Holland, PA 18966
P: 215-354-9100
F: 215-354-9125

Jason R. Weiss, Esquire
jweiss@hgsklawyers.com

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
Mark J. Kogan

Ana R. Amarante-Craig *
Renae Axelrod
Beth Bowers *
Matthew D. Colavita *
Scott J. Schleifer *
Jeffrey K. Stanton *
Jason R. Weiss *

Michael Alexanian *
Joseph P. Bradica *
Dennis C. Coyne *
Eileen V. Dooley
Kaitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel

John J. Beichert
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *

* Member of NJ Bar

August 3, 2022

Penney OPCO LLC d/b/a JCPenney
1209 N Orange Street
Wilmington, DE 19801

RE:  Raymond Johnson, et al vs. J. C. Penney Corporation, Inc., et al
PCCCP, August Term, 2022 - No.:  000469

Dear Sir/Madam:

Enclosed please find a copy of a Civil Action which has been filed against you.

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Civil Action and notice are served, by entering written appearance personally or by attorney filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Civil Action or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the offices set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Services
One Reading Center
Philadelphia, Pennsylvania 19107
215 - 238 – 6333
TTY (215) 451-6197

Very truly yours,

Haggerty, Goldberg, Schleifer & Kupersmith, P.C.

By: _____
JASON R. WEISS

JRW/ck
Enclosures

<u>CERTIFIED MAIL/RETURN RECEIPT REQUESTED</u>
AND
<u>REGULAR MAIL</u>

*Offices throughout Pennsylvania:*

Allentown     Bethlehem     Hazleton     Holland     Kennett Square     Lancaster     Philadelphia     Reading

**WWW.HGSKLAWYERS.COM**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2022**

E-Filing Number: 2208006465

**000469**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAYMOND JOHNSON | J. C. PENNEY CORPORATION, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3117 INDEPENDENCE COURT<br>BENSALEM PA 19020 | 2300 E LINCOLN HWY<br>LANGHORNE PA 19047 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPHINE SCOTT, W/H | OLD COPPER COMPANY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3117 INDEPENDENCE COURT<br>BENSALEM PA 19020 | 6501 LEGACY DRIVE<br>PLANO TX 75024 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | PENNEY OPCO LLC, ALIAS: JCPENNEY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1209 N ORANGE STREET<br>WILMINGTON DE 19801 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 5 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>AUG 03 2022<br><br>**K. KALOGRIAS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RAYMOND JOHNSON , JOSEPHINE SCOTT, W/H

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JASON R. WEISS | HGSK LAW OFFICES<br>92 BUCK ROAD<br>HOLLAND PA 18966 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)354-9100 | (215)354-9125 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 208930 | JWeiss@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JASON WEISS | Wednesday, August 03, 2022, 10:58 am |

<u>COMPLETE LIST OF DEFENDANTS:</u>

1. J. C. PENNEY CORPORATION, INC.
   2300 E LINCOLN HWY
   LANGHORNE PA 19047
2. OLD COPPER COMPANY, INC.
   6501 LEGACY DRIVE
   PLANO TX 75024
3. PENNEY OPCO LLC
   ALIAS: JCPENNEY
   1209 N ORANGE STREET
   WILMINGTON DE 19801
4. SIMON PROPERTY GROUP, INC.
   1209 N ORANGE STREET
   WILMINGTON DE 19801
5. BROOKFIELD ASSET MANAGEMENT, INC.
   250 VESEY STREET 15TH FLOOR
   NEW YORK NY 10281

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH**
By: Jason R. Weiss, Esquire
I.D. No.: 208930
92 Buck Road
Holland, PA 18966
215-354-9100

Filed and Attested by the
Office of Judicial Records
03 AUG 2022 10:38 am
E. KALOGRIAS

Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

RAYMOND JOHNSON & JOSEPHINE
SCOTT, w/h
3117 Independence Court
Bensalem, PA 19020
    vs.
J. C. PENNEY CORPORATION, INC.
2300 E Lincoln Hwy
Langhorne, PA 19047
    and
OLD COPPER COMPANY, INC.
6501 Legacy Drive
Plano, TX 75024
    and
PENNEY OPCO LLC d/b/a JCPenney
1209 N Orange Street
Wilmington, DE 19801
    and
SIMON PROPERTY GROUP, INC.
1209 N Orange Street
Wilmington, DE 19801
    and
BROOKFIELD ASSET
MANAGEMENT, INC.
Brookfield Place
250 Vesey Street, 15th Floor
New York, NY 10281

NO.

**MAJOR NON-JURY**

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may be entered against you by the court without further notice for any money claims in this complaint or for any other claim or relief requested by the | Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrtia sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. |

Case ID: 220800469

plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisions de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 22080046!

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH
By:  Jason R. Weiss, Esquire
I.D. No.:  208930
92 Buck Road
Holland, PA 18966                                   Attorneys for Plaintiffs
215-354-9100

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

RAYMOND JOHNSON & JOSEPHINE          :
SCOTT, w/h                                       :
3117 Independence Court                          :
Bensalem, PA 19020                               :
        vs.                                      :          NO.
J. C. PENNEY CORPORATION, INC.                   :
2300 E Lincoln Highway                           :
Langhorne, PA 19047                              :
        and                                      :
OLD COPPER COMPANY, INC.                         :
6501 Legacy Drive                                :
Plano, TX 75024                                  :
        and                                      :          MAJOR NON-JURY
PENNEY OPCO LLC d/b/a JCPenney                   :
1209 N Orange Street                             :
Wilmington, DE 19801                             :
        and                                      :
SIMON PROPERTY GROUP, INC.                       :
1209 N Orange Street                             :
Wilmington, DE 19801                             :
        and                                      :
BROOKFIELD ASSET                                 :
MANAGEMENT, INC.                                 :
Brookfield Place                                 :
250 Vesey Street, 15th Floor                     :
New York, NY 10281                               :

## CIVIL ACTION

    1.      Plaintiffs, RAYMOND JOHNSON & JOSEPHINE SCOTT, w/h, are married adult individuals who reside at the above-captioned address.

    2.      Defendant, J. C. PENNEY CORPORATION, INC. (hereinafter "PENNEY"), is a corporation organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at the above-captioned address.

3.     Defendant, OLD COPPER COMPANY, INC. (hereinafter "OLD COPPER"), is a partnership organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at the above-captioned address.

4.     Defendant, PENNEY OPCO LLC (hereinafter "PENNEY OPCO"), is a corporation organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at the above-captioned address, and regularly does business as JCPenney.

5.     Defendant, SIMON PROPERTY GROUP, INC. (hereinafter "SIMON"), is a partnership organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at the above-captioned address.

6.     Defendant, BROOKFIELD ASSET MANAGEMENT, INC. (hereinafter "BROOKFIELD"), is a partnership organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at the above-captioned address.

7.     At all times material to this Civil Action, Defendants acted or failed to act through their respective agents, servants, workmen, employees, contractors, and/or subcontractors, who will be revealed during the course of discovery, who were then and there acting within the course and scope of their employment in furtherance of Defendants' business.

8.     Upon information and belief, Defendants regularly transact business in, and derive substantial income from, the City of Philadelphia, Pennsylvania.

9.     At all times material to this Civil Action, Defendants, individually and/or jointly, owned, controlled, possessed, managed, leased and/or were otherwise responsible for the care, maintenance, cleaning, and overall condition of the JCPenney store located at or about 2300 E Lincoln Highway, Langhorne, PA 19047, also known as The Oxford Valley Mall location (hereinafter "the premises").

10.    The Defendants, individually and/or jointly, were legally responsible for the care, maintenance, cleaning, and overall condition, as well as the safe upkeep of the premises.

11.    In the early afternoon of August 23, 2020, Plaintiff, RAYMOND JOHNSON, validly on the premises as a business invitee, was shopping on the premises, when he was caused to fall on a dangerous and defective condition of the premises, namely a slippery substance on the

ground, believed to be vomit, causing Plaintiff, RAYMOND JOHNSON, the injuries and other losses more fully set forth herein.

12.     Prior to the accident, Defendants had actual and/or constructive notice of the defective and dangerous conditions that caused Plaintiff's injuries.

13.     Defendants failed to take reasonable steps to correct and/or prevent the dangerous conditions on their premises prior to the accident.

14.     Defendants failed to provide any warning to patrons, including Plaintiff, RAYMOND JOHNSON, of the defective and dangerous conditions prior to the accident.

15.     At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any comparative negligence.

16.     At the time of the incident, Defendants breached the duty of care owed to Plaintiff.

17.     At all times material hereto, Plaintiff did not assume the risk of injuries.

18.     At all material times, Defendants were responsible for maintaining the premises and all associated grounds in a clean manner and in a state of good repair.

19.     Business invitees and the general public were expected by Defendants to walk the premises.

## COUNT I
## RAYMOND JOHNSON v. ALL DEFENDANTS

20.     Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as if they were fully set forth at length.

21.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a) Failure to inspect the property under its ownership, possession and control;

(b) Failing to utilize reasonable care in the inspection, maintenance, cleaning and/or repair of the premises in question;

(c) Failure to implement a program of routine inspections so as to identify, repair or remove defects on the property;

(d) The condition of the slippery substance is believed to have existed for such a period of time that Defendants knew or in the exercise of due diligence should have known of the existence of the defect and hazard;

(e) Failure to barricade access to the area where the defect was located to protect business invitees and premises patrons;

(f) Failing to respond reasonably when Defendants became aware of the dangerous condition prior to the accident;

(g) Failing to take reasonable care in the area where Plaintiff fell so as to lessen or eliminate the hazardous and dangerous condition caused by the slippery substance;

(h) Failing to properly remediate the hazardous condition of the aforementioned slippery substance promptly and/or properly;

(i) Failing to warn the public, in general, and Plaintiff, in particular, of the dangerous and hazardous conditions caused by the slippery substance on the premises;

(j) Allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

(k) Violating applicable laws codes, and ordinances with respect to the care, maintenance, control, cleaning and repair of the property;

(l) Violating the applicable sections of the Restatement Second of Torts; and

(m) Negligent hiring, supervision, and training of contractors, employees, agents and/or servants.

22. As a result of the negligence and carelessness of the Defendants acting as aforesaid, Plaintiff, RAYMOND JOHNSON, was caused to sustain severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries and/or aggravate pre-existing injuries, including but not limited to: back, lumbar disc protrusions/herniations, lumbar radiculopathy, left ankle, leg numbness, and a severe shock to the nerves and nervous system, all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

23. By reason of the aforesaid injuries, Plaintiff, RAYMOND JOHNSON, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

24. As a further result of this accident, Plaintiff, RAYMOND JOHNSON, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of

money or incur various expenses, and Plaintiff, RAYMOND JOHNSON, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

25.     As a direct and proximate result of the foregoing, Plaintiff, RAYMOND JOHNSON, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

26.     As a further result of this accident, Plaintiff, RAYMOND JOHNSON, has sustained financial and economic harm.

WHEREFORE, Plaintiff, RAYMOND JOHNSON, demands judgment against the Defendants, J. C. PENNEY CORPORATION, INC., OLD COPPER COMPANY, INC., PENNEY OPCO LLC, SIMON PROPERTY GROUP, INC., and BROOKFIELD ASSET MANAGEMENT, INC. and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
### JOSEPHINE SCOTT v. ALL DEFENDANTS
**(Loss of Consortium)**

27.     Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as if they were fully set forth at length.

28.     As a result of the negligence and carelessness of the Defendants, Plaintiff, JOSEPHINE SCOTT, has incurred large and various expenses and in the future will be obligated to expend large and various sums of money for medicines and medical treatment in the attempt to treat and cure her husband, Plaintiff, RAYMOND JOHNSON, of his aforesaid injuries.

29. As a result of the negligence and carelessness of the Defendants, Plaintiff, JOSEPHINE SCOTT, has and will in the future be deprived of the society, comfort, and consortium, of her husband, Plaintiff, RAYMOND JOHNSON, all to her great detriment and loss.

WHEREFORE, Plaintiff, JOSEPHINE SCOTT, demands judgment against the Defendants, J. C. PENNEY CORPORATION, INC., OLD COPPER COMPANY, INC., PENNEY OPCO LLC, SIMON PROPERTY GROUP, INC., and BROOKFIELD ASSET MANAGEMENT, INC.

and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

*Haggerty, Goldberg, Schleifer & Kupersmith*
Attorneys for Plaintiffs

By: _____

JASON R. WEISS, Esquire

Case ID: 220800469

## VERIFICATION

I, RAYMOND JOHNSON, do hereby verify that I am the Plaintiff in the foregoing action; that the attached Civil Action is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Civil Action is that of my counsel and is not mine. I have read the Civil Action and to the extent that the information therein is based upon information I have given counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

DATED: 7/25/2022

_Raymond H Johnson_
RAYMOND JOHNSON

Case ID: 220800469

# EXHIBIT

# "B"

**Margaret Lichorobiec**

| | |
|---|---|
| **From:** | Jason Weiss <JWeiss@hgsklawyers.com> |
| **Sent:** | Monday, September 12, 2022 3:45 PM |
| **To:** | Jennifer G. Shorr |
| **Subject:** | RE: 0121562 Raymond Johnson and Josephine Scott, w/h v. J. C. Penney Corporation, Inc. et al. 9610066228US: |

**EXTERNAL EMAIL**

Hi Jennifer – As always, it was a pleasure speaking with you. Confirming our conversation, I do not have authority to cap damages at this time. Additionally, once my client completes his course of injections, I will speak with him about making a demand to see if an early resolution is possible. I look forward to working with you.

**Jason R. Weiss, Esq.**
jweiss@hgsklawyers.com

**Haggerty, Goldberg, Schleifer & Kupersmith, P.C.**
92 Buck Road
Holland, PA 18966
Phone: 215-354-9100 x304
Fax: 215-354-9125

---

**From:** Jennifer G. Shorr <jshorr@wglaw.com>
**Sent:** Thursday, September 8, 2022 3:24 PM
**To:** Jason Weiss <JWeiss@hgsklawyers.com>
**Subject:** 0121562 Raymond Johnson and Josephine Scott, w/h v. J. C. Penney Corporation, Inc. et al. 9610066228US:

Jason,

As you may know, I am defending this case for Penney Opco LLC (the J.C. Penney defendants).  Please let me know if you will agree to cap damages under $75,000. If I do not hear from you by next week, I will assume the answer is no.  Did you ever issue a settlement demand?

Thanks,
Jennifer

**Jennifer G. Shorr, Partner**

# Weber Gallagher

2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: 215.825.2649 M: 215.510.0686 F: 215.564.7699
jshorr@wglaw.com, www.wglaw.com

Confidentiality Note: The information contained in this electronic message may contain attorney-client privileged and confidential information intended only for the use of t
email address listed as the recipient of this message. If you are not the intended recipient of this email message you are hereby notified that any disclosure, dissemination
copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender by return email; and by telephone at 973.242.13

Weber Gallagher Simpson Stapleton Fires & Newby LLP

## CERTIFICATE OF SERVICE

I, Jennifer Shorr, Esquire, hereby certify that, on this date, I caused to be served the foregoing Notice of Removal via regular mail and via this Court's Electronic Filing System (ECF) upon the following:

Jason Weiss, Esquire
HGSK Law Offices
92 Buck Road
Holland, PA  18966
*Counsel for Plaintiffs*

Michael Bogdanoff, Esquire
Gekoski & Bogdanoff
215 S. Broad St.
Suite 500
Philadelphia, PA 19107
*Attorney for Simon Property Group, Inc.*

Brookfield Asset Management, Inc.
Brookfield Place
250 Vessey Street
15th Floor
New York NY 10281

Jennifer G. Shorr, Esquire

Dated:  September 14, 2022