IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND JOHNSON et al. | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 22-3665 |
| PENNEY OPCO LLC d/b/a JCPENNEY | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                           **JANUARY 8, 2025**

      Plaintiffs Raymond Johnson and Josephine Scott initially filed this personal injury suit in the Philadelphia County Court of Common Pleas against Defendant Penney Opco LLC ("JC Penney"). On September 14, 2022, Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332(c)(1). Plaintiff Johnson claims he slipped and fell while shopping at the JC Penney location at the Oxford Valley Mall, and Plaintiff Josephine Scott asserts a claim for loss of consortium based on the injuries Mr. Johnson claims to have sustained.

      Presently before the Court is Defendant's motion for summary judgment. (ECF No. 41.) For the following reasons, Defendant's motion will be denied.

**I.     FACTUAL BACKGROUND**

      This diversity action involves a slip and fall incident that occurred on August 23, 2020 at the JC Penney store located at the Oxford Valley Mall in Langhorne, Pennsylvania. (Def. SOF, ECF No. 41 ¶ 1; *see also* Pl. Counter SOF, ECF No. 43-1 at 2-3.) Specifically, Plaintiff Johnson slipped and fell on an alleged slippery substance, believed to be vomit. (Def. SOF ¶ 2; Pl. Resp. SOF, ECF No. 43-2 ¶ 2.)

      Just prior to the incident, Plaintiff Johnson was walking through the children's department, primarily looking ahead while also noticing items on surrounding display racks. (Def. MSJ Ex.

1

B, Pl. Dep., ECF No. 41-2 at 30:11-15).  Johnson then felt a "gooey slippery substance" under his feet, at which point he braced himself, twisted his ankle and back, and fell backwards to the ground, sustaining injury to his back and ankle.  (*Id.*; *see also id.* at 15:19-21.)

Plaintiff Johnson admitted that he did not see the substance on the floor prior to his fall even though his view was unobstructed.  (Def. SOF ¶ 6.)  The substance on the floor was approximately 1-2 feet in diameter and was a "light brown" that was "almost the same color as the floor."  (Pl. Dep. Tr. at 32:2-7; *see also* Def. SOF ¶ 7.)  Johnson testified that he was not sure whether he would have seen the substance even if he had been looking directly at the floor given the similarity in color between the substance and the floor.  (*Id.* at 32:2-14; *see also* Pl. Opp'n, Ex. F., Scott Dep., ECF No. 43-10 at 6:17-24.)  At the time Johnson slipped, there were no warning signs surrounding, or anything covering, the substance on the floor.  (Scott Dep. at 7:10-13.)

Defendant concedes that it did not immediately clean up the substance once reported.  (Def. SOF ¶ 16.)  Ms. Parker, a former employee at the JC Penney store, testified that she had informed the manager on duty multiple times that there was vomit on the floor prior to Mr. Johnson's fall.  (Pl. Opp'n. Ex. C, Parker Dep., ECF No. 43-7 at 11-12.)  Ms. Parker was advised by the manager that their priority at that time was addressing a leak in the ceiling.  (*Id.* at 13:2-17; *see also* Def. SOF ¶ 16.)  After Mr. Johnson slipped, Ms. Parker reported the incident to her manager again, at which point the substance was cleaned up.  (Pl. Resp. SOF, ECF No. 43-2 ¶¶ 15-16.)

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party.  *Kaucher v. Cty. of Bucks*, 455

F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] factual dispute is material only if it might affect the outcome of the suit under governing law." *Id.* The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). If the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ."); *see also Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

### III. DISCUSSION

Defendant argues that Plaintiffs' claims fail because the substance on the aisle floor was an open and obvious danger that Mr. Johnson should have seen and avoided. Plaintiffs respond that genuine disputes of material fact exist as to whether the substance on the floor was an open and obvious condition.

The Parties, who both cite Pennsylvania law, implicitly agree that it controls in this diversity case. *See C.R. Bard, Inc. v. Liberty Mut. Ins. Co.*, 473 F. App'x 128, 132 (3d Cir. 2012)

("Federal courts sitting in diversity must apply state substantive law."); *see also Commonwealth Cap. Corp. v. Getronics, Inc.*, 147 Fed. App'x 253, 254–55 (3d Cir. 2005) (applying the state substantive law that the parties "explicitly or implicitly" have chosen).  To prevail on a claim of negligence under Pennsylvania law, a plaintiff must establish: "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Firebaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264, 1272–73 (Pa. 2006) (citing *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005)).

As an initial matter, the parties agree that Plaintiff Johnson was a business invitee at the time of the incident.  (Def. MSJ, ECF No. 41 at 11, 23; *see also* Pl. Opp'n. at 1.)  "A business invitee is a 'person who is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land.'" *King v. RockTenn CP, LLC*, No. 13-cv-6663, 2015 WL 2215533, at *3 (E.D. Pa. May 8, 2015) (quoting *Charlie v. Erie Ins. Exch.*, 100 A.3d 24, 253 (Pa. Super. Ct. 2014)).  "As a general rule, a possessor of land owes a duty to an invitee to protect him or her from foreseeable harm." *Id.* (citing *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)).  However, Pennsylvania courts limit this duty consistent with the Restatement (Second) of Torts, § 343, which provides that a landowner owes a duty to protect invitees from the condition of its premises only if it:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) failed to exercise reasonable care to protect them against danger.

*See Ferencz v. Milie*, 535 A.2d 59, 64 (Pa. 1987) (citing Restatement (Second) of Torts, § 343).

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Carrender*, 469 A.2d at 123

4

(quoting Restatement of Torts, § 343A).  According to the Restatement, a danger is "known" when it is "not only ... known to exist, but ... also ... recognized [to be] dangerous and the probability and gravity of the threatened harm [is] appreciated." *Id.* at 123–24 (ellipses in original) (quoting Restatement of Torts, § 343A).  A danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Id.*

Here, Defendant argues that it cannot be liable for negligence because the substance on the floor of the store aisle constituted an open and obvious condition, such that Plaintiff Johnson should have recognized the danger and avoided it.  (Def. MSJ at 26-27.)  Specifically, Defendant submits that "[a] reasonable visitor with normal perception and judgment would have seen a one-foot-wide puddle of vomit on a white, well-lit tiled floor and would have used the abundant walking space around the puddle to avoid it." (Def. Reply, ECF No. 44 at 3.)

Plaintiffs respond emphasizing that the substance on the ground was a light brown color and "almost the same color as the tile floor on which it sat," such that the condition of the floor was not readily apparent.  (Pl. Opp'n. at 9-13.)  Plaintiffs further note that, although Mr. Johnson was looking straight ahead at the time of the incident, he was not sure whether he would have seen the substance even if he was looking down at the floor due to the similarity in color.  (*Id.* at 10.)

Drawing all inferences in the light most favorable to the non-moving party, reasonable jurors could disagree as to whether, under the circumstances, the substance on the aisle floor constituted an open and obvious danger.  This genuine issue of material fact precludes summary judgment.  Moreover, Defendant's referenced case law does not stand in tension with this conclusion.  Defendant cites the case of *Thomas v. Family Dollar Stores of Pa., LLC*, where the court granted summary judgment in favor of defendant finding that the "thick, yellow substance"

5

on which the Defendant fell constituted an "open and obvious condition."  No. 17-cv-4989, 2018 WL 6044931, at * 2-3 (E.D. Pa. 2018).  There, the case involved a broken bottle on the ground surrounded by a thick, yellow liquid, which the plaintiff admitted he did not see because he was distracted by shelf displays.  *Id.*  In contrast, here Plaintiff testified he was looking ahead at the time he fell, that the substance on the ground was almost the same color as the floor, that he is not sure he would have noticed the substance even had he been looking at the ground, and there was no broken bottle or anything similar on the ground that would signal to him that there could be liquid in the area.  *Compare* (Pl. Opp'n. at 3) *with Thomas*, 2018 WL 6044931, at * 2-3.

Defendant's reliance on other referenced case law is likewise misplaced.  In *Graham v. Moran Foods, Inc.*, the plaintiff was walking backwards without checking for any obstructions when he tripped over a pallet on the floor.  2012 WL 1808952, at *2 (E.D. Pa. 2012).  Since the pallet was easy to spot, the court found that "a reasonable person in [p]laintiff's position, exercising normal perception, would have observed the pallet and merchandise and the potential tripping hazard they created."  In *Yun v. Great Wolf Lodge of the Poconos, LLC*, the court granted summary judgment after a child was injured after falling off the top bunk of a set of bunk beds because the "risks associated with a bunk bed were known and obvious."  182 F. Supp. 3d 182, 186 (M.D. Pa. 2016).  In short, we find that a liquid on the ground resembling the color of the floor is distinguishable from the risks associated with a pallet left in an aisle or a set of bunk beds.  Viewing the facts in the light most favorable to Plaintiffs, a reasonable juror could find that the substance on which Mr. Johnson slipped did not constitute an open and obvious danger and could therefore find Defendant liable for negligence.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be denied.